UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIJON HILL,<br><br>                Plaintiff,<br><br>        v.<br><br>WALMART INC.,<br><br>                Defendant. | Case No. 19-cv-05436-JST   (JSC)<br><br>**ORDER RE: DISCOVERY DISPUTE**<br>Re: Dkt. No. 36 |

Plaintiff contends that Defendant employed her on 10 occasions as a model for Defendant's marketing material and did not pay her in the time required under California law to pay employees. Defendant contends that Plaintiff was an independent contractor and Plaintiff's talent agency Scout Talent Management, LLC ("Scout"), not Defendant, was required to make payments to Plaintiff. Discovery has been referred to the undersigned magistrate judge. Now pending before the Court is a discovery dispute joint letter regarding Defendant's motion to compel documents and interrogatory responses from Plaintiff. (Dkt. No. 36.) After carefully considering the docket and the parties' written submission, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and rules as set forth below.

  **1.     Document Requests.** Plaintiff shall produce documents reflecting payments from Scout to Plaintiff during the relevant time period. Plaintiff does not get to unilaterally decide which payments are relevant; Defendant is entitled to verify which payments were for Plaintiff's work for Defendant and when those payments were made.

  Plaintiff represents that she does not have any copies of her representation agreement with Scout, whether in electronic form or otherwise. Defendant has not established that any representation agreements in Scout's possession are currently within Scout's possession, custody

or control.  However, as offered in the joint letter, Plaintiff shall ask Scout to provide her with a copy of all representation agreements that Scout had with Plaintiff and then promptly produce those to Defendant.

With respect to the tax forms, Plaintiff's insistence that such records are absolutely privileged is wrong.  *See Lawson v. GrubHub, Inc.,* No. 15-CV-05128-JSC, 2017 WL 1684964, at *1-2 (N.D. Cal. May 3, 2017). Defendant, however, does not address any of the caselaw governing production of tax records under California law.  Further, there may be ways for Defendant to obtain the information it seeks—for example, a stipulation that Scout provided Plaintiff with a Form 1099—without actual production of the tax forms.  Indeed, Defendant has propounded Requests For Admissions that may obviate the need for production of the actual tax forms.  Accordingly, Defendant's motion to compel tax documents is denied without prejudice.

**2.     Interrogatory Requests.**  Plaintiff shall respond to Interrogatories 5-7.  The information is relevant to an issue in the case.  Plaintiff put her other sources of income during the relevant time frame at issue by bringing this lawsuit. To the extent the responses contain private financial information, they can be provided subject to a protective order.

**3.     Requests for Admission.**  Plaintiff's refusal to answer Requests for Admissions 4-7 is unsupported; she cites no case which provides a privilege to a plaintiff merely admitting that she received a Form 1099.  Plaintiff shall answer those requests.

This Order disposes of Docket No. 36.

**IT IS SO ORDERED.**

Dated: November 16, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge